IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| KENNETH GLENN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JOHNSON STATE PRISON; MRS. K. WILLIAMS, Chief Counselor; MRS. WICKER HUMPHRIES, Counselor; SHAWN EMMONS, Warden; MRS. PRICE, Deputy Warden; MRS. BAKER, Counselor; JEFFREY WIGGINS, Sergeant; MR. O'NEAL, Unit Manager; GOVERNOR NATHAN DEAL; HOMER BRYSON, Commissioner GDC; MR. JEFFERSON, Deputy Warden of Security; MRS. PERRY, Mental Health Counselor; JOHN DOE, Johnson State Prison's Medical Provider; JSP MEDICAL DIRECTOR; MRS. ANDREWS-BODI, NA/PA; BRIAN DOE, Nurse; JSP PSYCHIATRIC PROVIDER; and JOHN DOE, JSP Psychiatric Provider's Director, | ) CV 317-059 |
| Defendants. | ) |

**O R D E R**

Plaintiff has furnished a certified copy of his trust fund account statement and has consented to the collection in installments of the $350.00 filing fee and any Court costs from his prison trust account. Based on the information furnished by Plaintiff, the Court

**ORDERS** Plaintiff to pay an initial filing fee of **$44.87** within thirty days from the date of this Order.[1]

If Plaintiff does not have sufficient funds in his account to pay the initial partial filing fee of **$44.87**, Plaintiff's custodian (or his designee) shall forward all available funds and carry the balance forward each month until the initial partial filing fee is paid in full. Plaintiff shall not be permitted to withdraw funds from his prison account until this initial fee has been paid.

**IT IS FURTHER ORDERED** that after the initial partial filing fee has been paid, Plaintiff's custodian or his designee shall set aside twenty percent (20%) of all deposits to Plaintiff's trust fund account and forward those funds to the Clerk each time the set aside amount exceeds $10.00 until the $350.00 filing fee has been paid in full.

**IT IS FURTHER ORDERED** that all payments shall be designated as made in payment of the filing fee for Civil Action No. 317-059. In the event Plaintiff is transferred to another institution, Plaintiff's present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to Plaintiff's new custodian. The balance due from Plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

The Clerk of Court is **DIRECTED** to serve this Order on Plaintiff and Plaintiff's custodian (warden).

---

[1] The Clerk is **DIRECTED** to inform the Court immediately of any payment received from Plaintiff of the initial filing fee.

The Court will also take this opportunity to address the manner in which Plaintiff submitted his allegations in this case. Plaintiff commenced this case by submitting a handwritten complaint describing events that allegedly occurred at Johnson State Prison from January of 2016 through May 2016. However, he did not utilize the standard complaint form used by incarcerated litigants in the Southern District of Georgia, and as such, he has not provided the information that the Southern District requires. Therefore, if Plaintiff wishes to proceed with this case, he must re-submit his complaint on the standard complaint form used by incarcerated litigants in the Southern District of Georgia, and include all matters he wishes the Court to consider in that one document.[2] Plaintiff must use the standard form provided along with this Order, with **no more than six handwritten pages attached**. See Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (affirming the dismissal of a case where the plaintiff failed to heed the pleading instructions from the court regarding re-drafting the complaint); see also London v. Georgia Dep't of Corr., CV 502-107, doc. no. 10 (M.D. Ga. May 10, 2002) (directing that amended complaint shall not exceed six handwritten pages).

If Plaintiff wishes to pursue this case, he **MUST** file an amended complaint within fourteen days in accordance with the instructions in this Order. The amended complaint must be printed legibly so that the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleading filed by Plaintiff. Krinsk v. SunTrust Banks, Inc., 654 F.3d 1194, 1202 (11th Cir. 2011); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219

---

[2]The Court **DIRECTS** the **CLERK** to attach this standard form complaint used by incarcerated litigants, stamped with this case number, to Plaintiff's service copy of this Order.

(11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case"). It must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in his amended complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred.

While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his complaint. For example, Plaintiff should not simply state, "See attached documents." Plaintiff must name the individuals whom he seeks to include as Defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit. The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned that no portion of any prior pleading shall be incorporated into his amended complaint by reference. Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order. Therefore, within fourteen days of the undersigned date, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims that he wishes the Court to

consider as a basis for awarding the relief sought.  Once Plaintiff has complied with the conditions of this Order, the Court will review the amended complaint to determine which, if any, claims are viable and which, if any, Defendant should be served with a copy of the amended complaint.  If no response is timely received from Plaintiff, the Court will presume that he desires to have this case voluntarily dismissed and will recommend dismissal of this action, without prejudice.  Plaintiff is cautioned that while this action is pending, he shall immediately inform this Court of any change of address.  Failure to do so will result in dismissal of this case.

SO ORDERED this 1st day of December, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA