IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| KENNETH GLENN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JOHNSON STATE PRISON; MRS. K. WILLIAMS, Chief Counselor; MRS. WICKER HUMPHRIES, Counselor; SHAWN EMMONS, Warden; MRS. PRICE, Deputy Warden; MRS. BAKER, Counselor; JEFFREY WIGGINS, Sergeant; MR. O'NEAL, Unit Manager; GOVERNOR NATHAN DEAL; HOMER BRYSON, Commissioner GDC; MR. JEFFERSON, Deputy Warden of Security; MRS. PERRY, Mental Health Counselor; JOHN DOE, Johnson State Prison's Medical Provider; JSP MEDICAL DIRECTOR; MRS. ANDREWS-BODI, NA/PA; BRIAN DOE, Nurse; JSP PSYCHIATRIC PROVIDER; and JOHN DOE, JSP Psychiatric Provider's Director, | ) ) ) ) ) ) ) CV 317-059 ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate incarcerated at Georgia State Prison ("GSP") in Reidsville, Georgia, filed the above-captioned case pursuant to 42 U.S.C. § 1983 regarding events alleged to have occurred at Johnson State Prison ("JSP") in Wrightsville, Georgia, and is proceeding *pro se* and *in forma pauperis* ("IFP"). Before the Court are Plaintiff's various motions for injunctive relief requesting the Court place him in federal prison or, in the

alternative, make GSP officials house him in a PREA approved open dorm. (Doc. nos. 2, 4, 5, 10, 11, 14.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motions be **DENIED**.

## I.  DISCUSSION

Plaintiff alleges officials at his current place of imprisonment, GSP, refuse to take the proper steps to protect him from various gang members who are out to assault, beat, rape, and kill him. (See generally doc. nos. 2, 4, 5, 10, 11, 14.) Plaintiff details his long history of being assaulted by gang members and prison staff at JSP, Augusta State Medical Prison, and Hayes State Prison in retaliation for uncovering the gangs' "cell phone scheme." (Id.) Plaintiff further contends officials at GSP refuse to take seriously his complaints his life is in danger and insists on housing him in dangerous, two-man dorms without cameras. (Id.) Plaintiff asks the Court to place him in federal prison or, in the alternative, order GSP officials to house him in a PREA approved open dorm. (Id.)

A party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th

Cir. 1983)).

Plaintiff cannot show a likelihood of success on the merits. In his complaint, Plaintiff alleges wrongdoing exclusively by officials at JSP. (Doc. no. 1.) In contrast, however, all allegations made in his motions for injunctive relief are directed against prison officials at GSP in Reidsville, Georgia, who are not parties to this civil action. There is no possibility of Plaintiff succeeding on the merits of his current allegations as to these Defendants, who have no involvement in his housing or safety at GSP. This Court does not have authority to direct GSP officials to take any action since they are not parties. See Prewitt Enters., Inc. v. OPEC, 353 F.3d 916, 925 (11th Cir. 2003) ("[A]n individual or entity is not obliged to engage in litigation unless [officially] notified of the action . . . under a court's authority, by formal process.") (internal quotations omitted).

Plaintiff contends his Motion to Open Lawsuit (doc. no. 10) constitutes a new lawsuit and automatically grants this Court jurisdiction over his claims against GSP officials. (See doc. no. 10, p. 5; doc. no. 11, p. 2; doc. no. 14, p. 2.) However, Plaintiff may not magically grant jurisdiction; jurisdiction and venue are governed by federal statute. See 28 U.S.C. §§ 1331, 1332, 1391. Therefore, should Plaintiff wish to pursue injunctive relief against GSP officials, Plaintiff must file a completely new lawsuit, which would require submission of a new complaint and either a new motion to proceed *in forma pauperis* or the $400.00 filing fee, in the Statesboro Division of this District, which is located at Clerk, U.S. District Court, P.O. Box 8286, Savannah, Georgia 31412.

## II. CONCLUSION

The Court **REPORTS** and **RECOMMENDS** Plaintiff's motions for injunctive relief be

3

**DENIED**. (Doc. nos. 2, 4, 5, 10, 11, 14.) If Plaintiff wishes to pursue relief against GSP officials for their acts and omissions, he must do so by exhausting his administrative remedies and, if unsuccessful in that process, filing a separate civil action against GSP officials in the Statesboro Division of this Court as detailed above. He may not merely file a "Motion to Open Lawsuit" in his present case and "grant jurisdiction."

SO REPORTED and RECOMMENDED this 5th day of December, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA