IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| KENNETH GLENN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHNSON STATE PRISON; MRS. K. WILLIAMS, Chief Counselor; MRS. WICKER HUMPHRIES, Counselor; SHAWN EMMONS, Warden; MRS. PRICE, Deputy Warden; MRS. BAKER, Counselor; JEFFREY WIGGINS, Sergeant; MR. O'NEAL, Unit Manager; GOVERNOR NATHAN DEAL; HOMER BRYSON, Commissioner GDC; GDC; MR. JEFFERSON, Deputy Warden of Security; MRS. PERRY, Mental Health Counselor; JOHN DOE, Johnson State Prison's Medical Provider; JSP MEDICAL DIRECTOR; MRS. ANDREWS-BODI, NA/PA; BRIAN DOE, Nurse; JSP PSYCHIATRIC PROVIDER; and JOHN DOE, JSP Psychiatric Provider's Director, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CV 317-059 |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate incarcerated at Georgia State Prison in Reidsville, Georgia, has submitted a complaint pursuant to 42 U.S.C. § 1983 regarding events alleged to have occurred at Johnson State Prison in Wrightsville, Georgia. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165

F. App'x 733, 736 (11th Cir. 2006). After a review of Plaintiff's complaint and prior history of case filings, the Court **REPORTS** and **RECOMMENDS** this action be **DISMISSED** without prejudice.

## I.  BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right of access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

To that end, the "Form to be Used by Prisoners in Filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983" for the Southern District of Georgia requires that prisoner plaintiffs disclose: (1) whether they have brought any lawsuit involving the same facts as their present case; (2) whether they have brought any federal lawsuit dealing with facts other

than those in their present case; and (3) whether they were allowed to proceed IFP in any suit that was dismissed on the ground it was frivolous, malicious, or failed to state a claim.

## II. DISCUSSION

Here, Plaintiff identified two other previous cases he filed: Glenn v. Williams et al., CV 517-401 (M.D. Ga. Oct. 20, 2017) and Glenn v. Johnson State Prison et al., CV 316-029 (S.D. Ga. Apr. 25, 2016). (Doc. no. 18, pp. 1-3.) However, the Court is aware of at least one other § 1983 case Plaintiff previously filed in federal court. See Glenn v. Madison County Sheriff's Department et al., CV 316-008 (M.D. Ga. Oct. 26, 2015). Thus, Plaintiff provided false information about his prior filing history in his complaint.

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731 (citations omitted); see also Young v. Sec'y Fla. Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2011) (affirming dismissal under inherent power of federal courts based on plaintiff's failure to disclose prior cases on court's complaint form).

The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094

3

(S.D. Ga. Oct. 31, 2005), aff'd, 197 F. App'x 818 (11th Cir. 2006). Because Plaintiff provided blatantly dishonest answers in his complaint, this case should be dismissed.

### III. CONCLUSION

Because Plaintiff has abused the judicial process by providing dishonest information about his prior filing history, the Court **REPORTS** and **RECOMMENDS** Plaintiff's Motion My Mama Forgot to Pay $45.00 Initial Fee (doc. no. 21) be **DENIED AS MOOT** and this action be **DISMISSED** without prejudice as a sanction.

SO REPORTED and RECOMMENDED this 16th day of January, 2018, at Augusta, Georgia.

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA